NUMBER 13-01-076-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

TABIUS DEHUN KELSON, Appellant,

v.

THE STATE OF TEXAS, Appellee.

___________________________________________________________________

On appeal from the 252nd District Court

of Jefferson County, Texas.

__________________________________________________________________

O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Tabius Dehun Kelson, entered a plea of guilty to possession of a controlled substance. See
Tex. Health & Safety Code Ann. § 481.115 (Vernon Supp. 2001). The court sentenced appellant to one
year in state jail. (1)
 Appellant filed a pro se notice of appeal. We dismiss for want of jurisdiction.

Counsel was appointed to represent appellant on appeal, and filed an Anders brief, in which he concludes
the appeal to be frivolous and without merit. Counsel's brief complies with the requirements of Anders v.
California, 386 U.S. 738, 744-745 (1967). See High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.
1972); Gainous v. State, 436 S.W.2d 137, 137-138 (Tex. Crim. App. 1969); Villa v. State, 821 S.W.2d
402, 402 (Tex. App.--Corpus Christi 1991, no pet.). Counsel presented a professional evaluation of the
record demonstrating why there are no arguable grounds of error on appeal. Furthermore, counsel
certified that he served appellant with a copy of the brief and informed appellant in writing of his right to
file a pro se brief. Appellant has not filed any pro se brief.

Appellant's notice of appeal does not invoke the jurisdiction of this Court. Rule 25.2 (b)(3) of the Texas
Rules of Appellate Procedure provides that following a defendant's plea of guilty or nolo contendere, and
where the punishment assessed does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, a notice of appeal must specify that (1) the appeal is for a jurisdictional
defect, (2) the substance of the appeal was raised by written motion and ruled on before trial, or (3) state
that the trial court granted permission to appeal. See Tex. R. App. P. 25.2 (b)(3). The record does not
show that the punishment assessed exceeded the punishment recommended by the prosecutor and
agreed to by the defendant. None of the three grounds for jurisdiction have been specified in appellant's
notice of appeal. In addition, appellant expressly waived his right of appeal in his plea papers. 

Thus, we lack jurisdiction to consider this appeal, and dismiss the appeal for want of jurisdiction.

In accordance with Anders, counsel has requested permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744. We grant appellant's attorney's motion to withdraw. We order appellant's
attorney to notify appellant of the disposition of this appeal and of the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).


NELDA V. RODRIGUEZ

Justice

Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed

this 16th day of August, 2001.

1. At this time, the court also adjudicated appellant guilty of a prior offense, possession of a controlled
substance, and sentenced appellant to six years in state jail. Appellant filed a pro se notice of appeal,
which the court dismissed for want of jurisdiction. See Kelson v. State, No. 13-01-077-CR, (Tex. App. -
Corpus Christi [13th Dist.] July 14, 2001, no pet.) (not designated for publication) 2001Tex. App. LEXIS
4027.